IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



RYAN CRAIG WHITE, §
 §
 Movant, §
 §
VS. § NO. 4:19-CV-910-A
 § (NO. 4:18-CR-187-A)
UNITED STATES OF AMERICA, §
 §
 Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Ryan Craig White, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the record in the underlying criminal case, No. 4:18-CR-187-A, styled "United States v. Ryan Craig White, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On August 7, 2018, movant was named, along with another, in a one-count indictment charging him with possession of stolen mail, in violation of 18 U.S.C. § 1708. CR Doc.[1] 17. On September

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying
(continued...)

19, 2018, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 26. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 28. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was "absolutely" satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 70.

The probation officer prepared the PSR, which reflected that movant's base offense level was 6. CR Doc. 35 ¶ 18. He received a two-level increase for loss exceeding $6,500, id. ¶ 19, a two-

---

[1](...continued)
criminal case, No. 4:18-CR-187-A.

2

level increase for an offense involving ten or more victims, id. ¶ 20, and a two-level increase for an offense that involved an authentication feature. Id. ¶ 21. He received a two-level reduction for acceptance of responsibility. Id. ¶ 27. Based on a total offense level of 10 and a criminal history category of VI, movant's guideline imprisonment range was 24 to 30 months. Id. ¶ 91. Movant filed objections. CR Doc. 42. The probation officer prepared an addendum to the PSR to reflect further information gained about movant's history. CR Doc. 40. He filed a second addendum to address movant's objections. CR Doc. 46.

On January 4, 2019, movant was sentenced to a term of imprisonment of 60 months. CR Doc. 60. He did not appeal.

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion, worded as follows:

Ground One: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL. Doc.[2] 1 at 7.

Ground Two: DENIAL OF RIGHT TO APPEAL

Id.

Ground Three: COERCION

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

Id.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if

issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting

5

Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant alleges:

> I was never in possession of any mail. My co-defendant that was a <u>couple of blocks away</u> from me at the time of arrest had everything in her purse. The item of mail in question photographed as being from such, police report mentioning the distance separating us as the time of arrest, my appointed counsel talked me out of using this evidence.

Doc. 1 at 7. By pleading guilty, movant waived all non-jurisdictional defects in the proceedings, including claims of ineffective assistance, except insofar as it relates to the voluntariness of the plea. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008). Ineffectiveness based on failure to use exculpatory evidence is a ground that has been waived. Even if it could be pursued, movant has not shown, much less attempted to show, prejudice, which he must do to proceed. Id. Finally, the

6

court notes that the allegations in the motion are belied by the record. In his factual resume, movant admitted that he possessed stolen mail. CR Doc. 28. Movant testified under oath that the facts alleged in the factual resume were true. CR Doc. 70 at 24-25. His solemn declarations carry a strong presumption of verity, which he has not overcome. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).

In support of his second ground, movant alleges that his counsel led him to believe that appealing would possibly lead to more extensive punishment. Doc. 1 at 7. In support of his third ground, movant alleges that his counsel "compelled [him] to the act of not proceeding with the evidence in [his] favor, as well as leading [him] to the choice of not trying for [his] direct appeal." Id. Conclusory allegations such as these are insufficient to raise a constitutional issue. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue . . . to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

V.

Order

The court ORDERS that the relief sought by movant be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 26, 2019.

_____
JOHN McBRYDE
United States District Judge